## McCLURE v. MISSOURI STATE LIFE INS. CO. (No. 3299.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 4, 1926.)

**1. Appeal and error** ⟨⟩502(1), 544(1), 719(1), 846(5)—Want of assignment of errors, findings, motion for new trial in record, and bill of exceptions held to preclude review.

The record not containing assignment of error, motion for new trial, bill of exceptions, or findings of fact, there can be no review; fundamental error not being apparent on the record.

**2. Insurance** ⟨⟩665(6)—Finding of suicide of insured held supported by evidence.

Evidence in action on life policy, limiting recovery in case of suicide within a year, *held* to support finding involved in judgment of suicide.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Action by J. A. McClure, temporary administrator, against the Missouri State Life Insurance Company. From an adverse judgment, plaintiff appeals. Affirmed.

J. M. Braswell, of Paris, for appellant.

Phillips, Townsend & Phillips and Tom Scurry, all of Dallas, for appellee.

LEVY, J. The action was on two life insurance policies, each in the sum of $1,000. The policies were dated September 15, 1923, and each contained the stipulation that:

"In case of death by self-destruction, sane or insane, within one year from date of issue, the liability of the company shall be limited to an amount equal to the premiums paid thereon."

The party insured died on the early morning of August 6, 1924. The sole issue of fact was as to whether or not the insured had committed suicide. The trial court determined the issue of fact in favor of the insurance company, and entered judgment accordingly.

[1] The record does not contain any assignments of error, motion for new trial, bills of exception, or findings of fact. In this situation of the record the only contention that really can be reviewed is that of whether or not there is a fundamental error. And we think there is no fundamental error apparent upon the record. For these reasons the judgment must be affirmed.

[2] The propositions in appellant's brief relate entirely to the evidence, which we are not properly called upon to examine in the absence of assignments of error and exceptions properly made in the record. But even by an examination of the evidence the propositions must be overruled, as the proof is in support of and not contrary to the judg-

ment. The circumstances surrounding the immediate death of the insured point with directness and coherence to suicide. A pistol ball entered his left breast near the heart, producing death within several minutes afterwards. At the time of the shot the deceased was on his front porch. He had been sitting on a cot on the porch, near the window of his bedroom, for some time. His daughter called him to breakfast, and he replied, "Go ahead; I don't know that I want any breakfast." The family then sat down to the table and began to eat breakfast. In a very few moments afterwards the pistol shot was heard. The family immediately rushed to the porch and found the insured fatally shot in the breast, a pistol, recently discharged, lying near by. The pistol belonged to the deceased. The deceased had been sick for several months, with an incurable internal trouble, and he had become very despondent and hopeless for several weeks before his death. There is no pretense of a murder or homicide committed by some person. And the circumstances do not certainly or overwhelmingly or even probably show an accidental discharge of the pistol. The insurance company sufficiently met the burden of proof required in the defense of suicide. Therefore we approve and adopt the finding of the trial court, as involved in the judgment, that the insured committed suicide on August 6, 1924, within one year from the date of the policies of September 23, 1923.

The judgment is affirmed.